No. 32,729

Rosa Schneider, *Appellant*, v. Lyle E. Cloepfil, County Superintendent of Public Instruction of Mitchell County, *Appellee*.

(56 P. 2d 63)

Opinion filed April 11, 1936.

*Leon W. Lundblade,* of Beloit, for the appellant.

*William N. Tice,* county attorney, and *R. L. Hamilton,* of Beloit, for the appellee.

The opinion of the court was delivered by

Dawson, J.: Plaintiff, a Mitchell county schoolteacher, brought mandamus proceedings against defendant as county superintendent to compel him to renew her county teacher's certificate in conformity with plaintiff's interpretation of the pertinent statute.

The trial court declined to issue the writ and the case is here for review.

The pertinent facts were these:

The plaintiff, Rosa Schneider, is a resident citizen of Hunter,

Mitchell county. In 1929 she attended the State Teacher's College at Hays, in Ellis county, following which she took an examination in Ellis county and received a certificate of the first grade which entitled her to teach in the elementary schools in Ellis county for three years from its date, July 8, 1929.

On receipt of this certificate plaintiff returned to her home and presented it to the then county superintendent of Mitchell county. He endorsed it and thereby licensed Miss Schneider to teach in the elementary schools of Mitchell county. In the autumn of that year she started teaching in Mitchell county, and she taught in that county each school year until June, 1932. In the interval plaintiff attended the teacher's institutes in Mitchell county and performed all the professional work prescribed by the county superintendent, and on June 19, 1932, the county superintendent of Mitchell county renewed her certificate for another three-year term expiring July 8, 1935. Plaintiff continued to teach in Mitchell county for the ensuing three years, and to attend the Mitchell county teachers' institutes and to perform the prescribed professional work; and about the time her certificate· was again to expire she presented it to the present incumbent of the office of county superintendent for renewal. This service that functionary declined to perform.

Hence this lawsuit in mandamus to compel performance of this duty. The trial court declined to issue the writ, and the case is here for review.

The issuing, endorsing and renewing of county teachers' certificates has been the subject of progressive legislation in recent years. At the time plaintiff's certificate was issued by the examining board in Ellis county the law was, and still is, as follows:

"Certificates of the first grade may be issued to persons of good moral character and not less than twenty years of age who have taught successfully not less than sixteen school months and who by written examination shall secure an average grade of ninety percent with no grade below seventy-five percent in all branches required for a second-grade certificate, and in English, history and algebra; and who in addition thereto have completed a four-year course of study in a high school or academy approved by the state board of education: *Provided,* That nothing herein shall prohibit the renewal from time to time of any first-grade certificate in force at the time of the passage of this act, if the holder shall meet the professional requirements of the county superintendent . . . *A certificate of the first grade may be renewed at its expiration* upon the payment of the fee of one dollar to be turned into the normal-institute fund *if the holder has attended at least ninety percent of the time of two county institutes: Provided further, That the applicant shall have*

*performed such professional work as the county superintendent shall prescribe for such renewal."* (R. S. 1933 Supp. 72-1330.)

"That boards of county examiners may issue teachers' certificates of two grades as provided in this act; namely, second grade and first grade; and said certificates shall be valid only in elementary schools in the county in which they· are issued for terms of two years and three years respectively: *Provided,* That upon payment of a fee of one dollar, which shall be turned into the normal-institute fund, *certificates of the* second and *first grade may be endorsed by the county superintendent of public instruction of any county in the state,* at the option of the county superintendent to whom application is made, *and when so endorsed such certificates shall be valid in the county in which they are endorsed for the remainder of the term for which they were issued; . . .* A certificate issued under this act may be revoked by the board of examiners of the county in which said teacher is teaching on the ground of immorality or for any cause which would have justified the withholding of the certificate when it was granted; . . ." (R. S. 1933 Supp. 72-1326.)

A majority of this court holds that plaintiff's certificate is still an Ellis county teacher's certificate notwithstanding its endorsement and first renewal by the county superintendent of Mitchell county; and as such Ellis county certificate, the matter of its second renewal in Mitchell county is addressed to the discretion of the present defendant county superintendent of that county, and not to him as a mere matter of his discharging a purely ministerial duty.

It follows that the judgment of the district court was correct and it is affirmed.

DAWSON, J. (dissenting): I hold to the view that when plaintiff's Ellis county certificate was endorsed by the county superintendent of Mitchell county in 1929 it became to all practical intents and purposes a Mitchell county teacher's ·certificate. Thereafter the holder of it was subject to every regulation to which all Mitchell county elementary schoolteachers were required to conform—to attend 90 percent of the time of two county institutes, and to meet the professional requirements of the county superintendent. What institutes was she expected to attend? The ones held in Mitchell county, to be sure. What county superintendent's professional requirements was she to perform? Those prescribed by the county superintendent where she was pursuing her professional career, of course. Plaintiff was and is entitled to the equal protection of the law which guards and guarantees the rights of all other elementary schoolteachers. That means she is entitled to have her certificate renewed every three years, so long as she conforms to prescribed

standards. What county superintendent has any practical means of determining whether or not plaintiff has complied with all statutory requirements and is entitled to have her certificate renewed? The county superintendent of Mitchell county knows. If he has any fundamental objection to the renewal of this girl's certificate he should say so. If not, and the record shows none, a peremptory writ of mandamus should issue to set him right, and that in short order.

BURCH, C. J., and SMITH, J., join in this dissent.